Leibensperger, Edward P., J.
On December 16, 2015, this court (Brieger, J.) allowed a motion to certify a class of current and former employees of Federal Management Co., Inc. (“Federal”) alleging the failure of Federal to pay them for overtime hours worked. The class of employees certified was “all current and former Property Managers” employed by Federal from January 1, 2005, to the present.[1] The Court carefully reviewed each of the prerequisites for class certification under Mass.R.Civ.P. 23 and found that they were satisfied. Among other findings, the Court concluded that on the pre-discoveiy record plaintiffs, Siew-Mey Tam and Mary Jane Raymond, were adequate representatives of a class of approximately 40 current or former property managers. Defendants took an interlocutory appeal of the class certification order. The Appeals Court affirmed. Following the certification, discovery by both sides ensued, including the depositions of the named plaintiffs.
Federal, and the individual defendants, now move to decertify the class based, principally, on the ground that discovery has shown that Tam and Raymond are not adequate class representatives. Defendants also take the opportunity to ask the Court to re-visit all of the other criteria for class certification. For the reasons stated below, the motion will be allowed.
BACKGROUND
In the Class Cert. Order, Judge Brieger noted that the facts of this case are relatively straightforward and undisputed. Federal manages seventeen residential, commercial and retail properties, providing building operations, financial administration, leasing and regulatory compliance services. For each property Federal employs a property manager who may have anywhere from two to seventeen employees reporting to her/him. Raymond was employed by Federal as a property manager from February 1990 to March 2011. Tam was employed by Federal as a property manager from May 2005 to May 2012.
Tam and Raymond allege that they were paid a salary and an annual bonus, but no additional amount for overtime hours worked. According to the Class Cert. Order, Tam and Raymond acknowledge that upon inquiring to Federal about overtime pay, Federal informed them that, as property managers, they were exempt from the legal requirement to pay overtime. That is because they were allegedly employed, as described in the pertinent statute, G.L.c. 151, §1A, “as a bona fide executive, or administrative or professional person earning more than eighty dollars per week.” Plaintiffs now contest that categorization. They assert that they should proceed as a class consisting of all persons employed by Federal as property managers to challenge Federal’s position that they are exempt employees.
In the Class Cert. Order, the court rejected plaintiffs’ argument that they were entitled to class treatment under a “similarly situated” theory based on the language in G.L.c. 149, §150 and c. 151, §1B. Instead, the court analyzed whether plaintiffs met the requirements for a class action under Mass.R.Civ.P. 23. The court discussed each element required for class certification and concluded that class certification was appropriate. The court also noted that discovery might affect the class certification calculus. For example, defendants’ argument that some putative class members may be barred by the statute of limitations was deferred for consideration “[i]n light of ongoing discovery.” Class Cert. Order, p. 7 n.7. Also, with respect to the “commonality” requirement, the court noted that “Federal contends that Plaintiffs’ common law claims fail to satisfy the ‘commonality’ requirement because not all of the individual Property-Managers seeking to be joined to the potential class performed the exact same duties as the other property managers. In light of ongoing discovery such arguments are better addressed at the summary judgment stage. Here, the court assesses only whether Plaintiffs have made the baseline showing for class certification under Rule 23.” Class Cert. Order, p. 8 n.8.
Defendants appealed the certification of the class. On February 9, 2016, the Appeals Court denied defendants’ petition. The court wrote “I discern no error in the judge’s careful exercise of her ‘broad discretion to certify or decertify a class.’ The factual bases alleged by the defendants to support decertifi-cation are appropriate subjects for continued discovery, properly consigned to the judge’s superintendence *656 of the case, and may provide the basis for additional motions at an appropriate time.” (Citation omitted.)
On June 21, 2016, the parties appeared before the court (Ames, J.). The purpose of the hearing was to determine the substance of class notice and process. Defendants used the occasion to bring before the court the deposition of Tam that had been taken on May 26, 2016. Defendants alleged that Tam’s deposition testimony was grossly and materially inconsistent with her affidavit that had been submitted to the court in connection with plaintiffs’ motion to certify the class. The court agreed that the deposition testimony “calls into credibility essential issues that were considered by the court in certification.” Transcript, June 21, 2016, p. 1-32. As a result, the court stayed the issue of class notice and gave leave to defendants to serve and file a motion to decertify the class.
Subsequently, this action was transferred to the Business Litigation Session. On September 23, 2016, defendants filed their motion for decertification. Oral argument was heard on the motion on October 26, 2016.
Defendants provided as Exhibit F to the Affidavit of Michael C. Birch a copy of the Affidavit of Siew-Mey Tam, dated September 5,2014, submitted by plaintiffs in support of their motion to certify the class. Next to the paragraphs of the Affidavit, defendants inserted citations to Tam’s deposition testimony that contradict or concede as error or as unsupported, key portions of the Affidavit. I have reviewed the deposition testimony cited by defendants.[2]
In her Affidavit, Tam stated that she did not interview, select, train or supervise any employees. In her deposition, however, she testified that she did interview potential employees, and supervise and evaluate the performance of employees. When confronted with her Affidavit, she admitted that her statements in the Affidavit were not true. In her Affidavit, Tam stated that she was not responsible for preparing and/or planning the budget for her property. In her deposition, however, she testified that she did prepare budgets. She admitted in her deposition that her Affidavit was “wrong” and “incorrect.” These are two significant examples of numerous other inconsistencies in her Affidavit as compared to her deposition.
For class certification, it was also important to know whether other property managers employed by Federal were similarly situated with Tam such that their factual presentation would be common to all property managers. In her Affidavit, Tam averred that “all” property managers regularly worked more than 40 hours per week and their duties did not include the exercise of discretion and independent judgment. Specifically, she stated that properly managers did not carry out major assignments, formulate, affect, interpret or implement policies or operating practices and were not involved in planning long or short-term business objectives. In her deposition, however, Tam admitted that she had no significant information about other property managers’ work schedule and lacked a basis for concluding what job duties “all” property managers performed.
Tam’s Affidavit, submitted, under oath, to the court in support of her motion for class certification, was materially false and misleading. I reasonably infer that Tam intended to mislead the court or recklessly signed the Affidavit without caring whether her statements in the Affidavit were true. At minimum, the inconsistencies and false statements in her Affidavit cast substantial doubt on Tam’s credibility.
Defendants provided as Exhibit G to the Affidavit of Michael C. Birch a copy of the Affidavit of Mary Jane Raymond, dated September 3, 2014, submitted by plaintiffs in support of their motion to certify the class. Next to the paragraphs of the Affidavit, defendants inserted citations to Raymond’s deposition testimony that they assert contradict, or concede as unsupported, key portions of Raymond’s Affidavit. I have reviewed the deposition testimony cited by defendants.
Unlike Tam, Raymond did not admit in her deposition to blatant falsehoods in her Affidavit. While her answers in the deposition admitted to certain qualifications of the statements in her Affidavit, the admissions do not evidence an intent to deceive or reckless disregard. Like Tam, Raymond averred in her Affidavit that “all” property managers regularly worked more than 40 hours per week and that property managers, in general, did not have authority to formulate, affect, interpret, or implement management policies or operating practices. In her deposition, when asked for the basis of her knowledge, she candidly admitted that “it would be my belief that they would have to do the same thing that I did, but I don’t know, because I didn’t walk in their shoes.” In other words, her statements about other properly managers’ work hours and duties were based on her “belief’ based on her own experience and some conversations with others, but not on first-hand knowledge of specific facts. I do not find that Raymond engaged in intentional misstatements or reckless disregard of her obligations under oath.
It is uncontested that Raymond’s employment with Federal ended in March 2011, more than two years before the filing of this action on June 27, 2013. Finally, both Tam and Raymond conceded by their deposition testimony that they had no basis in fact to support a claim that Federal fraudulently concealed from them or a putative class that property managers[1] could have a claim for overtime pay.
DISCUSSION
Rule 23(d) of the Massachusetts Rules of Civil Procedure empowers the court “[w]henever the representation appears to the court inadequate fairly to protect the interests of absent parties” to take action, including the decertification of the class. Similarly Fed.R.Civ.P. 23(c)(1)(C) provides that “(a]n order that *657 grants or denies class certification may be altered or amended before final judgment.” Decertification, however, must be justified by post-certification developments such as the discovery of new facts or changes in the law. Donovan v. Philip Morris USA, Inc., 2012 WL 957633 (U.S.D.C., D.Mass. 2012). A judge has broad discretion to certify or decertify a class action. Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 361 (2008).
I find that both Tam and Raymond are inadequate class representatives, for different reasons. Because they are inadequate class representatives, the class must be decertified.
“Adequacy of representation relates not only to the competence of counsel but also to the integrity and interest of the named parties.” Smith and Zobel, Rules Practice, 6 Mass. Pract. Series 2d, §23.7, p. 340 (2006). It is the duty of the court to protect the interests of the class who, if the case were to proceed to trial as a class action, would be bound by the result. It is apparent to the court that Tam, as a class representative, is so impaired by her admitted falsehoods and recklessness with respect to her sworn statements that the credibility of the claims by the putative class would be adversely affected. Moreover, Tam’s conduct before the court is sanctionable. Pruell v. Carita Christi, 2013 WL 5647398 (U.S.D.C., D.Mass. (O’Toole, J.) (2013). An appropriate sanction is that she is disqualified as a class representative. Id. at *1.
Raymond is an inadequate representative for a different reason—her claim under Mass. G.L.c. 151, §§1A and IB is likely barred by the applicable two-year statute of limitations. Raymond’s employment with Federal ended more than two years before the commencement of this action. Accordingly, her claim under the statute is barred unless she can demonstrate fraudulent concealment or application of the discovery rule. Defendants state that they intend to move for summary judgment on the basis of the statute of limitations.
While I do not decide at this time, without a pending motion under Mass.R.Civ.P. 56 and Rule 9A, that Raymond’s claim under the statute is barred, it seems only logical that the statute of limitations issue should be resolved before a class is certified and notice is sent to putative class members. Raymond’s adequacy as a class representative turns on the resolution of that motion. At the present time, she does not adequately represent the class of property managers who were employed by Federal from the period beginning two years before the commencement of this action to the present.
The existence of the two-year statute of limitations has another effect on the analysis of whether to decer-tify the class. In the Class Cert. Order of December 16, 2015, the court noted that plaintiffs “allege a class of approximately forty (40) current and former Property Managers of Federal whom they assert would constitute the class.” Class Cert. Order, pp. 6-7. At that prediscoveiy stage, the court found that the numerosity prong of Rule 23 had been satisfied. The court noted that whether some of the alleged class members would be barred by the applicable statute of limitation awaited discovery and a possible motion for summary judgment.
In support of their motion to decertify the class, defendants submit the Affidavit of David Fiad, the Chief Operating Officer of Federal. Fiad lists forty individuals who have been employed by Federal as property managers since 2005. Of those, only eighteen (18) have been employed since June 27,2011, the date two years before this action was commenced.
The resolution of whether Raymond’s claim under G.L.c. 151, §§1A and IB is barred by the two-year statute of limitations will determine the potential size of the class. A putative class of eighteen, or a number close to that, is not, in my opinion, sufficient to satisfy the numerosity requirement of Rule 23. The benefit of the class action device is mitigated when the number of potential class members is manageable as a consolidated action of those property managers who affirmatively join the litigation as named plaintiffs. Counting property managers whose claim is potentially barred in order to reach a numerosity threshold is, at this stage after discovery, putting the cart before the horse. If Raymond’s claim survives, and she is found to be an adequate class representative, certification of a class may be reconsidered. To proceed with the expense and possible confusion of class notice when there are issues pending that would be dispositive of whether the case is properly certified as a class action, is backwards.
CONCLUSION
For the reasons stated, defendants’ Motion for De-certification of Class Action is ALLOWED.

 Memorandum of Decision and Order on Plaintiffs’ Motion to Certify a Class (“Class Cert. Order”). The Class Cert. Order did not expressly address the dates inclusive for the putative class. Instead, the court stated that plaintiffs’ motion for class certification is “ALLOWED.” In plaintiffs’ motion for class certification, the time period for the class sought by plaintiffs was “March 1, 2000, to the present.” However, in plaintiffs’ Opposition to the present motion for decertification, plaintiffs assert that the certified class time period is from “January 1, 2005, to the present.” Opposition, p. 2. Accordingly, I adopt plaintiffs’ assertion and find that the presently certified class period is from January 1, 2005 to the present.

 In response to the motion to decertify, plaintiffs moved to strike Tam’s certified deposition testimony. Their argument amounts to a claim that the deposition is incomplete and subject to change by subsequent testimony or by an errata sheet. Counsel for Tam submitted what only can be called a lawyer’s draft of an errata sheet because Tam, herself, did not sign it. The motion to strike is denied because, regardless of any later testimony, the deposition testimony of May 26, 2016, stands and is available for impeachment of Tam. Smaland Beach Ass’n v. Genova, 461 Mass. 214, 230 (2012).